NO. 07-08-0308-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

APRIL 24, 2009
_____

MARK ANTHONY TAYLOR, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 16410-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ORDER OF ABATEMENT AND REMAND**

Appellant, Mark Anthony Taylor, filed a notice of appeal from a judgment adjudicating appellant guilty of the offense of aggravated assault with a deadly weapon and sentence of nine years incarceration in the Institutional Division of the Texas Department of Criminal Justice and $500 fine in Cause Number 16410-C in the 251st District Court of Randall County, Texas (the trial court). The appellate court clerk received and filed the trial court clerk's record on October 30, 2008. This Court has received two motions for extension of time to file the reporter's record indicating that appellant has failed to file a

written designation of the record. This Court granted these motions and, on January 23, 2009, sent a letter to appellant's counsel advising him of the basis for the reporter's extensions and directing him to ensure that the reporter's record or a copy of the written designation of the reporter's record by filed with the clerk of this Court on or before February 13, 2009. When no response was received from appellant's counsel, this Court set the deadline for appellant's brief as March 23, 2009.

On April 9, 2009, the Court notified appellant that his brief was late. Further, the Court directed appellant that, unless the brief was filed with this Court on or before April 20, 2009, the appeal would be abated and remanded to the trial court for further proceedings. See Tex. R. App. P. 38.8(b). As of this date, appellant has not filed his brief.

Accordingly, this appeal is abated and the cause is remanded to the trial court. Tex. R. App. P. 38.8(b)(2). Upon remand, the judge of the trial court is directed to immediately cause notice to be given of and to conduct a hearing to determine: (1) whether appellant desires to prosecute this appeal; (2) if appellant desires to prosecute this appeal, whether appellant is indigent and, if not indigent, whether counsel for appellant has abandoned the appeal; (3) if appellant desires to prosecute this appeal, whether appellant's present counsel should be replaced; and (4) what orders, if any, should be entered to assure the filing of appropriate notices and documentation to dismiss appellant's appeal if appellant does not desire to prosecute this appeal or, if appellant desires to prosecute this appeal, to assure that the appeal will be diligently pursued. If the trial court determines that the present attorney for appellant should be replaced, the court should cause the clerk of this

2

court to be furnished the name, address, and State Bar of Texas identification number of the newly-appointed or newly-retained attorney.

The trial court is directed to: (1) conduct any necessary hearings; (2) make and file appropriate findings of fact, conclusions of law, and recommendations and cause them to be included in a supplemental clerk's record; (3) cause the hearing proceedings to be transcribed and included in a supplemental reporter's record; (4) have a record of the proceedings made to the extent any of the proceedings are not included in the supplemental clerk's record or the supplemental reporter's record; and (5) cause the records of the proceedings to be sent to this court. TEX. R. APP. P. 38.8(b)(3). In the absence of a request for extension of time from the trial court, the supplemental clerk's record, supplemental reporter's record, and any additional proceeding records, including any orders, findings, conclusions, and recommendations, are to be sent so as to be received by the clerk of this court not later than May 26, 2009.

Per Curiam

Do not publish.

3